1  MARC J. FAGEL (State Bar No. 154425)
   JINA L. CHOI (New York State Bar No. 2699718)
2  ELENA RO (State Bar No. 197308)

3  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
4  44 Montgomery Street, Suite 2600
   San Francisco, California 94104
5  Telephone: (415) 705-2500
   Facsimile: (415) 705-2501

6

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11                  CV11        0708

12 SECURITIES AND EXCHANGE COMMISSION,   Case No. _____

13            Plaintiff,

14     v.                                 CONSENT OF DEFENDANT ZHENYU NI TO
                                          ENTRY OF FINAL JUDGMENT
15 ZHENYU NI,

16            Defendant.

17

18

19      1.      Defendant Zhenyu Ni waives service of a summons and the complaint in this action,

20 enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject

21 matter of this action.

22      2.      Without admitting or denying the allegations of the complaint (except as to personal

23 and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of

24 the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference

25 herein, which, among other things:

26          (a)    permanently restrains and enjoins Defendant from violation of Sections 10(b)

27                 and 14(e) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C.

28

FILED
2011 FEB 16  A 10: 25
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

§§ 78j(b) and 78n(e)] and Rules 10b-5 [17 C.F.R. §§ 240.10b-5 and 240.14e-3] thereunder;

(b)   orders Defendant to pay disgorgement in the amount of $157,066, plus prejudgment interest thereon in the amount of $549; and

(c)   orders Defendant to pay a civil penalty in the amount of $157,066 under Section 21A(a)(1)(A) of the Exchange Act [15 U.S.C. § 78u-1(a)(1)(A)].

3.     Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.     Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.     Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5.  In compliance with this policy, Defendant agrees:  (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint.  If Defendant breaches this agreement, the Commission may petition the Court to

1  vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph

2  affects Defendant's:  (i) testimonial obligations; or (ii) right to take legal or factual positions in

3  litigation or other legal proceedings in which the Commission is not a party.

4      12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small

5  Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from

6  the United States, or any agency, or any official of the United States acting in his or her official

7  capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs

8  expended by Defendant to defend against this action.  For these purposes, Defendant agrees that

9  Defendant is not the prevailing party in this action since the parties have reached a good faith

10  settlement.

11      13.    Defendant agrees that the Commission may present the Final Judgment to the Court

12  for signature and entry without further notice.

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27

28

1    14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

2    purpose of enforcing the terms of the Final Judgment.

3
4    Dated: _12/13/_____, 2010            _____
                                          Zhenyu Ni
5
6
7          On _____, 2010, Zhenyu Ni, a person known to me, personally appeared before me

8    and acknowledged executing the foregoing Consent.

9
10                                        _____
                                          Notary Public
                                          Commission expires:
11
12   Approved as to form:

13   _____
14   Mary McNamara, Esq.
     Swanson, McNamara & Haller LLP
15   300 Montgomery Street, Suite 1100
     San Francisco, California 94104
16   Telephone: (415) 477-3800
     Facsimile: (415) 477-9010
17
     Attorney for Defendant
18   ZHENYU NI

19
20
21
22
23
24
25
26
27
28

                                    5

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of **San Francisco** }

On 12/13/10 before me, **Mary Tam, Notary Public**
   Date                    Here Insert Name and Title of the Officer

personally appeared *Zhenyu Ni*
                        Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                    Signature of Notary Public

Place Notary Seal Above

**MARY TAM**
COMM. # 1794960
NOTARY PUBLIC - CALIFORNIA
SAN FRANCISCO COUNTY
COMM. EXPIRES APRIL 11, 2012

─────────────── **OPTIONAL** ───────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: CONSENT OF DEFENDANT ZHENYU NI

Document Date: _____   Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer Is Representing: _____

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer Is Representing: _____

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

1  | MARC J. FAGEL (State Bar No. 154425)
JINA L. CHOI (New York State Bar No. 2699718)
2  | ELENA RO (State Bar No. 197308)

3  | Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
4  | 44 Montgomery Street, Suite 2600
San Francisco, California 94104
5  | Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

6

7

8  | UNITED STATES DISTRICT COURT

9  | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN FRANCISCO DIVISION

11

12 | SECURITIES AND EXCHANGE COMMISSION, Case No.  **CV11   0708**

13 |             Plaintiff,

14 |      v.                                                      [PROPOSED] FINAL JUDGMENT AS TO
                                                              ZHENYU NI

15 | ZHENYU NI,

16 |             Defendant.

17

18 |        The Securities and Exchange Commission having filed a Complaint and Defendant Zhenyu Ni

19 | having entered a general appearance; consented to the Court's jurisdiction over Defendant and the

20 | subject matter of this action; consented to entry of this Final Judgment without admitting or denying

21 | the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of

22 | law; and waived any right to appeal from this Final Judgment:

23

24 |                                                      I.

25 |        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's

26 | agents, servants, employees, attorneys, and all persons in active concert or participation with them

27 | who receive actual notice of this Final Judgment by personal service or otherwise are permanently

28 | restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange

RECEIVED
2011 FEB 16 A 10:26
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIF.

1  Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder

2  [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the

3  mails, or of any facility of any national securities exchange, in connection with the purchase or sale of

4  any security:

5       (a)    to employ any device, scheme, or artifice to defraud;

6       (b)    to make any untrue statement of a material fact or to omit to state a material fact

7              necessary in order to make the statements made, in the light of the circumstances

8              under which they were made, not misleading; or

9       (c)    to engage in any act, practice, or course of business which operates or would

10              operate as a fraud or deceit upon any person.

11

12                             II.

13       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and

14  Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation

15  with them who receive actual notice of this Final Judgment by personal service or otherwise are

16  permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C.

17  § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any

18  tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or

19  manipulative act or practice, by:

20       (a)    purchasing or selling or causing to be purchased or sold the securities sought or to be

21              sought in such tender offer, securities convertible into or exchangeable for any such

22              securities or any option or right to obtain or dispose of any of the foregoing securities

23              while in possession of material information relating to such tender offer that

24              Defendant knows or has reason to know is nonpublic and knows or has reason to know

25              has been acquired directly or indirectly from the offering person; the issuer of the

26              securities sought or to be sought by such tender offer; or any officer, director, partner,

27              employee or other person acting on behalf of the offering person of such issuer, unless

28

within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(b)    communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

    i.   to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

    ii.   to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the planning, financing, preparation or execution of the activities of the issuer with respect to such tender offer; or

    iii.   to any person pursuant to a requirement of any statute or rule or regulation promulgated thereunder.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $157,066, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $549, and a civil penalty in the amount of $157,066 pursuant to Section 21A(a)(1)(A) of the Exchange Act [15 U.S.C. § 78u-1(a)(1)(A)], for a total of $314,681. Defendant shall satisfy this obligation by paying $314,681 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or

1   United States postal money order payable to the Securities and Exchange Commission.  The payment

2   shall be delivered or mailed to the Office of Financial Management, Securities and Exchange

3   Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia

4   22312, and shall be accompanied by a letter identifying Zhenyu Ni as a defendant in this action;

5   setting forth the title and civil action number of this action and the name of this Court; and specifying

6   that payment is made pursuant to this Final Judgment.  Defendant shall simultaneously transmit

7   photocopies of such payment and letter to the attention of Marc J. Fagel, Regional Director, at the

8   Commission's San Francisco Regional Office, 44 Montgomery Street, Suite 2600, San Francisco,

9   California 94104.  By making this payment, Defendant relinquishes all legal and equitable right, title,

10   and interest in such funds, and no part of the funds shall be returned to Defendant.  Defendant shall

11   pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The

12   Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

13

14                                                    IV.

15        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

16   incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall

17   comply with all of the undertakings and agreements set forth therein.

18   / / /

19   / / /

20   / / /

21   / / /

22

23

24

25

26

27

28

SEC v. ZHENYU NI
[PROPOSED] FINAL JUDGMENT

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: ___3/28/11___, ~~2010~~



UNITED S~~TATES DISTRICT~~ J~~U~~DGE

SEC v. ZHENYU NI
[PROPOSED] FINAL JUDGMENT